KENNEDY VS SPENCER.

*Points of practice upon records brought up by writ of error.*

1. To authorise this Court to consider errors, assigned upon the transcript of a record, such transcript must appear to be properly attested by the Clerk.
2. But, where the transcript of a record is on file, though imperfect as to the attestation of the Clerk, the judgment will not be affirmed on certificate, at t e first term.—The practice in such case authorising a *certiorari*.

A motion was made, in this case, t) affirm upon certificate, n ) transcript being filed. The writ of error was filed in the case, and a transcript appended thereto, which latter was not signed or attested by the Clerk of the Court, to which the writ of error issued.

Gayle, f r the motion.
Thornton, contra.

COLLIER, J.—The defendant, by his counsel, moved the Court for a judgment of affirmance on certificate. It appears that there is a good writ of error on file, attached to which are several sheets of manuscript, purporting to be a transcript of proceedings between the parties in the Circuit Court of Mobile, but neither subscribed or in any manner attested by the clerk.

That the transcript is not so authenticated as to authorise us to regard it in considering the errors as-

signed, without defendant's consent, is a point on which we do not doubt. By an act of the legislature,* as well as by a practice coeval with our State government, the clerk of the inferior Court is required to give to the party suing out a writ of error, an attested copy of the record of his case. The plaintiff is not, then, authorised to have his case revised, upon a transcript that bears less conclusive evidence of its genuineness.

*Aik. Dig. 253.

We are not, however, at liberty to affirm the judgment on certificate, at the first term, where there is a record on file, however imperfect it may be. The practice of this Court in such cases, is to grant a *certiorari*, to perfect the transcript. And this practice seems to us to be authorised by a just interpretation of our statutes, and in advancement of the ends of justice.

The motion is therefore, denied.

GOLDTHWAITE, J., not sitting.